## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL M. BOYD, ) | |
| ) | No. 1:07cv1098 (PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL CHERTOFF, Secretary, United States ) | |
| Dep't of Homeland Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER
## FED. R. CIV. P. 12(b)(6)

Michael Chertoff, Secretary of the Department of Homeland Security ("Defendant"),

through undersigned counsel, respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss

Plaintiff's complaint. In support of this motion, Defendant respectfully refers the Court to the

accompanying memorandum.

Dated: August 27, 2007             Respectfully submitted,

                                   _____/s/_____
                                   JEFFREY A. TAYLOR, D.C. BAR # 498610
                                   United States Attorney

                                   _____/s/_____
                                   RUDOLPH CONTRERAS, D.C. BAR #434122
                                   Assistant United States Attorney

                                   _____/s/_____
                                   KENNETH ADEBONOJO
                                   Assistant United States Attorney
                                   555 Fourth St., N.W.
                                   Washington, D.C. 20530
                                   Phone: (202) 514-7157
                                   Fax: (202) 514-8780
                                   kenneth.adebonojo@usdoj.gov

**Of Counsel:**

Thuylieu T. Kazazian
Associate Legal Advisor

United States Department of Homeland Security

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL M. BOYD,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary, United States<br>Dep't of Homeland Security<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. 1:07cv1098 (PLF) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Michael Chertoff, Secretary of the Department of Homeland Security ("Defendant")

through undersigned counsel, respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to

dismiss this complaint on the grounds that Plaintiff's complaint does not allege any state action

as required under 42 U.S.C. §1983. Moreover, Plaintiff's 42 U.S.C. §1983 claim derives from a

violation of the Privacy Act arising from an alleged denial of access to Plaintiff's medical

records. This claim is now moot because the documents have been provided to Plaintiff. Even

if Plaintiff's claim is not mooted by the production, Plaintiff failed to exhaust his administrative

remedies.

## BACKGROUND

Plaintiff commenced this action on June 19, 2007, alleging Defendant violated the

Privacy Act, 5 U.S.C. §552a, by denying him access to his medical records. Plaintiff further

avers that the violation of his rights under the Privacy Act constitute violations under 42 U.S.C.

§1983.Compl. at ¶1.2.

Plaintiff is employed as a Supervisory Physical Security specialist in the National Capital Region ("NCR") of the Federal Protective Service ("FPS"). Compl. at ¶3.1. FPS is a component of the Department of Homeland Security. Id. On July 31, 2000, Plaintiff was hired by the FPS as a Supervisory Police Officer. Id. Previously, Plaintiff had been employed by the Metropolitan Police Department in Washington ("MPDC"). Id. at ¶3.4. As a condition of employment in 2000, Plaintiff underwent a pre-employment screening process consisting of medical and psychiatric examination or psychological assessment carried out by FPS appointed personnel. Id. at ¶¶3.3, 3.4. Although it was determined that Plaintiff suffered from color blindness, FPS hired Plaintiff. Id. at 3.7.

Plaintiff alleges that, as part of the screening process, he executed an authorization for the MPDC to release his records to FPS. Id. at ¶3.4. Plaintiff further alleges that any records obtained from the MPDC by FPS pursuant to the alleged authorization should have included a medical certification that Plaintiff had to wear a beard because he suffered from razor bumps. Id. at 3.8.

In April 2005, after a physical examination ordered by FPS, the reviewing physician was allegedly unable to medically certify Plaintiff for his position because of the color blindness issue. Id. at ¶¶4.1-4.6. According to the complaint, a medical waiver for the color blindness was provided to the reviewing physician the following month and Plaintiff was medically cleared. Id. at ¶4.10.

Plaintiff alleges that, on July 19, 2005, FPS passed Directive Number FPS-05-012, entitled "Uniform Grooming" that provides that "beards are not permitted, except for; medical conditions." Id. at ¶¶5.1-5.3. The directive allegedly requires officers who wear beards to

-3-

"present a written statement from a medical doctor to their immediate field supervisor, verifying the existence of a condition" that would exempt one from the directive's provisions. Id.

On June 5, 2007, Plaintiff alleges that he received a directive from his immediate supervisor to produce the medical certificate required by the FPS grooming directive no later than September 30, 2007. Id. at ¶6.1. Plaintiff alleges that he provided the required medical certification on June 12, 2007. Id. at ¶¶6.4, 6.5. On June 11, 2007, in an e-mail to his second level supervisor, Plaintiff requested access to his Employee Medical File System ("EMFS") records "under the provisions of 5 C.F.R. 239.504(b)."[1] Compl. at ¶7.4. On the same day, Plaintiff's request was forwarded to Susan Spannbauer, FPS's Medical Coordinator. Id. According to the complaint, on June 13, 2007, Plaintiff contacted Ms. Antonia Acevedo, FPS NCR Medical Coordinator, to ascertain if Ms. Acevedo had his medical records. ¶7.5.

As of June 18, 2007, one week after his request, Plaintiff believed that the FPS was in violation of the access provisions of 5 C.F.R. 293.504(b). Id. Plaintiff commenced this action on June 19, 2007. (Docket Entry No. 1). On August 22, 2007, Plaintiff confirmed receipt of his medical records from Comprehensive Health Services, Inc., FPS's contractor for medical files, that included a record of Plaintiff's initial medical evaluation. See Ex. 1. Plaintiff also confirmed that he considered the records access matter moot in light of the production. Id. Subsequently, Plaintiff recanted, noting that the file did not contain the medical certification he provided to his immediate supervisor on June, 12, 2007. Id. It is undisputed that Plaintiff never filed a compliant request for his records under the Privacy Act. Ex. 2.

---

[1]     Defendant assumes Plaintiff was requesting access pursuant to 5 C.F.R. 293.504(b).

**ARGUMENT**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO
STATE ACTOR AND PLAINTIFF FAILED TO EXHAUST.**

Plaintiff's complaint should be dismissed for failure to state a claim because the alleged

violation of 42 U.S.C. §1983 does not involve state action. The Circuit's jurisprudence is clear

that a necessary prerequisite for a 1983 claim is state action. Williams v. Hardwick, 396 F.3d

412 (D.C. Cir. 2005). Moreover, the action underlying Plaintiff's 1983 claim is an alleged

violation of the Privacy Act arising from an alleged denial of access to Plaintiff's medical

records. The records Plaintiff seeks were recently provided to him therefore the underlying

claim is moot. In addition, even if the matter is not moot, Plaintiff failed to exhaust his

administrative remedies by appealing any dissatisfaction he has with the records produced.

I.      PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

On June 11, 2007, in an e-mail message to his second level supervisor, Plaintiff

requested access to his Employee Medical File System records ("EFS") pursuant to 5 C.F.R.

239.504(b). Compl. at ¶7.4. 5 C.F.R. 293.504(b) provides that Agencies must provide

employees access to their EFS records pursuant to 5 C.F.R. 297.204(c). 5 C.F.R. 297.201

provides that the subject may make a Privacy Act request to the "appropriate system manager"

and should provide enumerated personal information to substantiate the request. The very same

day, Plaintiff's request was forwarded to Susan Spannbauer, FPS's medical coordinator. Id.

Two days later, Plaintiff contacted Susan Acevedo, another FPS medical coordinator to inquire

into his medical records. Id. at ¶7.5. Approximately one week after his initial request to his

second level supervisor, Plaintiff filed the within matter. Last week, Defendant acknowledged

receipt of the medical records requested and conceded that the matter was mooted because the

records had been provided. Subsequently, Plaintiff recanted, noting that the records did not include the June 12, 2007, certification from his physician regarding grooming.

Defendant's regulations provide that if one seeks court review of an adverse Privacy Act determination, the matter must first be appealed within the Department. 6 C.F.R. 5.25(c). In addition, Office of Personnel Management regulations contain a similar provision. 5 C.F.R. 297.208. Upon receipt of notification that denial of access has been upheld on administrative review, the requester has the right to judicial review in the District Court. Id.; 5 U.S.C. 552a. Therefore, it is undisputed that, whatever his dispute regarding either a denial or insufficiency of records, Plaintiff was required to exhaust his administrative remedies before filing in this court. Accordingly, dismissal of Plaintiff's complaint is appropriate.

II.    PLAINTIFF'S 1983 CLAIM SHOULD BE DISMISSED AS LACKING STATE ACTION

The Circuit's law is clear. In Williams v. Hardwick, plaintiff brought a 1983 claim against the Government Printing Office and one of its special police officers who allegedly manhandled plaintiff and arrested him under a District of Columbia statute. 396 F.3d at 413. Plaintiff argued that, but for the District of Columbia statute, the federal officer would not have been able to arrest him. Id. at 414. Therefore, the federal officer was acting under state law giving rise to a 1983 violation. The Circuit reviewed to determine whether plaintiff plead a cause of action. Id. at 413. In reviewing the matter, the Court noted in dicta, that the traditional definition of acting under the color of state law requires that the Defendant have exercised power possessed by virtue of state law. Id. at 414 (quoting West v. Atkins, 487 U.S. 42, 49 (1988)).

In this case, there is not even the remotest possibility of requisite state action. Plaintiff

alleges violations under the Privacy Act, a federal statute that controls the maintenance and

rights of access to records within federal agencies. At least in <u>Williams</u>, the plaintiff had a

colorable argument that the officer arrested him because of a District of Columbia code

violation. Not so here. Accordingly, Plaintiff's 1983 claim should be dismissed for failure to

state a cause of action as Plaintiff's allegations do not involve state action.

### CONCLUSION

Upon the foregoing, the Defendant respectfully requests that he be dismissed from this

action.

Dated: August 27, 2007                Respectfully submitted,

                                      _____/s/_____
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney


                                      _____/s/_____
                                      RUDOLPH CONTRERAS, D.C. BAR #434122
                                      Assistant United States Attorney


                                      _____/s/_____
                                      KENNETH ADEBONOJO
                                      Assistant United States Attorney
                                      555 Fourth St., N.W.
                                      Washington, D.C. 20530
                                      Phone: (202) 514-7157
                                      kenneth.adebonojo@usdoj.gov

**Of Counsel:**
Thuylieu T. Kazazian
Associate Legal Advisor
United States Department of Homeland Security

-7-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL M. BOYD, | ) |
| Plaintiff, | ) No. 1:07cv1098 (PLF) |
| v. | ) |
| MICHAEL CHERTOFF, Secretary, United States Dep't of Homeland Security | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Fed.

R. Civ. P. 12(b)(6). After considering the appropriate pleadings, the record herein, and

applicable law, it is this ____ day of _____, 2007, hereby

ORDERED, Defendant's motion is hereby GRANTED; and it is

FURTHER ORDERED, that Plaintiff's claims against Defendant is hereby

DISMISSED, with prejudice.

_____
HONORABLE PAUL L. FRIEDMAN, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2007, I caused the foregoing Motion to

Dismiss to be filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first

class mail, postage prepaid, addressed to:

Earl M. Boyd
5905 Mardella Blvd.
Clinton, Md
20735

KENNETH ADEBONOJO

# EXHIBIT 1

Boyd v. Chertoff
Docket No. 1:07-CV-1098 (PLF)

**Adebonojo, Kenneth (USADC)**

| | |
|---|---|
| **From:** | Boyd, Earl M [Earl.Boyd@dhs.gov] |
| **Sent:** | Wednesday, August 22, 2007 1:10 PM |
| **To:** | Adebonojo, Kenneth (USADC) |
| **Subject:** | RE: Medical Certificate |

The letter from Deri Winston, Program Manager, Comprehensive Health Services, Inc. dated August 21, 2007, which was enclosed with the medical records states "*The records contained here-in represent all medical information contained in your record known to Comprehensive Health Services, Inc. This record also includes an exam conducted in July of 2000 by Federal Occupational Health (FOH). This exam was transferred to Comprehensive Health Services, Inc. as record custodian on or around September 2001.*"

This means that the medical certificate referred to in the email message from my supervisor, Mr. Paul Constable, is not included in my medical records held by Comprehensive Health Services. The regulation requires all of my employee occupational medical records to be in one place.

So, there is still the issue remaining of the FPS internal policy requiring me having to produce a medical certificate from my personal physician concerning shaving and growing a beard upon the demand of my superiors. And the record indicates clearly that I provided a medical certificate to Mr. Constable on June 18, 2007 but as of August 21, 2007, that medical certificate is not in my employee occupational medical record. That is still a violation of the Privacy Act of 1974 which must be addressed.

*Earl M. Boyd*
Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA  22312
Office:  703-235-6103
Cellular:  202-345-7786
Fax:  703-235-6029

---

**From:** Adebonojo, Kenneth (USADC) [mailto:Kenneth.Adebonojo@usdoj.gov]
**Sent:** Wednesday, August 22, 2007 12:56 PM
**To:** Boyd, Earl M
**Subject:** RE: Medical Certificate

Good!  Does this mean the request issue is now moot?


Thanks!

8/24/2007

Kenneth Adebonojo
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202)514-7157
Facsimile: (202)514-8780
kenneth.adebonojo@usdoj.gov

Privileged and Confidential

---

**From:** Boyd, Earl M [mailto:Earl.Boyd@dhs.gov]
**Sent:** Wednesday, August 22, 2007 12:49 PM
**To:** Adebonojo, Kenneth (USADC)
**Subject:** FW: Medical Certificate

See below. Now we can move to addressing the second issue that I raised in my complaint.

*Earl M. Boyd*

Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA 22312
Office: 703-235-6103
Cellular: 202-345-7786
Fax: 703-235-6029

---

**From:** Boyd, Earl M
**Sent:** Wednesday, August 22, 2007 12:41 PM
**To:** 'Deri Winston'; Spannbauer, Susan B
**Subject:** RE: Medical Certificate

I received the package today. I reviewed it. It contains the information that I was seeking. Thank you both for your cooperation in this matter.

*Earl M. Boyd*

Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA 22312
Office: 703-235-6103

8/24/2007

Cellular: 202-345-7786
Fax: 703-235-6029

---

**From:** Deri Winston [mailto:dwinston@chsmedical.com]
**Sent:** Tuesday, August 21, 2007 4:00 PM
**To:** Boyd, Earl M
**Cc:** Spannbauer, Susan B
**Subject:** RE: Medical Certificate

Colonel Boyd,

The FedEx tracking number for the copy of your medical records is: 790810674649. You should receive the package tomorrow. Please let me know if there is anything further with which I can be of assistance.

*Deri Winston*

Program Manager
Comprehensive Health Services, Inc.
703.760.0700 ext. 11412
800.836.8083 ext. 11412
Direct: 703.288.5457 ext. 11412
www.chsmedical.com

---

**From:** Boyd, Earl M [mailto:Earl.Boyd@dhs.gov]
**Sent:** Tuesday, August 21, 2007 8:19 AM
**To:** Deri Winston; Boyd, Earl M
**Cc:** Spannbauer, Susan B
**Subject:** RE: Medical Certificate

Confirmed. That is perfect.

*Earl M. Boyd*

Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA 22312
Office: 703-235-6103
Cellular: 202-345-7786
Fax: 703-235-6029

---

**From:** Deri Winston [mailto:dwinston@chsmedical.com]
**Sent:** Tuesday, August 21, 2007 8:12 AM
**To:** Boyd, Earl M
**Cc:** Spannbauer, Susan B
**Subject:** RE: Medical Certificate

8/24/2007

Mr. Boyd,

Can you please confirm that you would like the FedEx package addressed as it appears below?  Thank you.

Colonel Earl M. Boyd
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA  22312

## *Deri Winston*

Program Manager
Comprehensive Health Services, Inc.
703.760.0700 ext. 11412
800.836.8083 ext. 11412
Direct: 703.288.5457 ext. 11412
www.chsmedical.com

---

**From:** Boyd, Earl M [mailto:Earl.Boyd@dhs.gov]
**Sent:** Monday, August 20, 2007 5:41 PM
**To:** Deri Winston
**Cc:** Spannbauer, Susan B
**Subject:** Re: Medical Certificate

If the package must be signed for at the time of delivery, and it cannot be left without a signature, then it is better to have it sent to me at my office address.  There is no one at my home during the day when deliveries are generally attempted and packages sometimes require a signature at the time of delivery and will not allow a signature on the notice of first attempt that is left at the address.  The nearest FedEx pickup point is quite a distance from my home.

-----Original Message-----
From: Deri Winston
To: Boyd, Earl M
CC: Spannbauer, Susan B
Sent: Mon Aug 20 15:42:09 2007
Subject: RE: Medical Certificate

This package will go out tomorrow, and I will supply the FedEx tracking number at that time.

Deri Winston

Program Manager

Comprehensive Health Services, Inc.

703.760.0700 ext. 11412

800.836.8083 ext. 11412

Direct: 703.288.5457 ext. 11412

www.chsmedical.com

8/24/2007

From: Boyd, Earl M [mailto:Earl.Boyd@dhs.gov]
Sent: Monday, August 20, 2007 3:16 PM
To: Deri Winston; Boyd, Earl M
Cc: Spannbauer, Susan B
Subject: RE: Medical Certificate


Thank you very much.  My home address is:


5905 Mardella Blvd

Clinton, MD  20735


Earl M. Boyd
Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA  22312
Office:  703-235-6103
Cellular:  202-345-7786
Fax:  703-235-6029


From: Deri Winston [mailto:dwinston@chsmedical.com]
Sent: Monday, August 20, 2007 2:33 PM
To: Boyd, Earl M
Cc: Spannbauer, Susan B
Subject: FW: Medical Certificate
Importance: High

Mr. Boyd,


Pursuant to your phone call requesting medical records on 8/17/07, Susan Spannbauer has authorized release of a copy of your medical records to your home address.  This record will include an exam conducted in July of 2000 by Federal Occupational Health (FOH) which was transferred to Comprehensive Health Services, Inc. as record custodian on or around September 2001.  At this time, if you could please provide me the address to which you would like your medical records sent, I will forward them to your attention via FedEx and will supply the tracking number to you as soon as it becomes available. Thank you for your patience and please feel free to contact me directly if there is anything further with which I can be of assistance.


Deri Winston

Program Manager


8/24/2007

Comprehensive Health Services, Inc.

703.760.0700 ext. 11412

800.836.8083 ext. 11412

Direct: 703.288.5457 ext. 11412

www.chsmedical.com

---

From: Boyd, Earl M [mailto:Earl.Boyd@dhs.gov]
Sent: Friday, August 17, 2007 11:38 AM
To: Vonnefreeda Moore
Subject: FW: Medical Certificate

See attached and the below message. I need a written response.

Earl M. Boyd
Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA 22312
Office: 703-235-6103
Cellular: 202-345-7786
Fax: 703-235-6029

---

From: Spannbauer, Susan B
Sent: Tuesday, August 14, 2007 1:47 PM
To: Boyd, Earl M
Subject: RE: Medical Certificate

Mr. Boyd - Submitting a request to the DHS Department Disclosure Officer as a Privacy Act Request appears appropriate. It is my understanding that an employee requesting a copy of their official agency medical folder needs to follow the procedures outlined in the attachment above. If the request for your medical records is pursued, the request should be submitted to: Comprehensive Health Services, Inc., Attn: FPS Client Service Administrator, 8229 Boone Boulevard, Suite 700, Vienna, VA 22182. Thanks. Susan Spannbauer

---

From: Boyd, Earl M
Sent: Tuesday, August 14, 2007 8:45 AM
To: Spannbauer, Susan B
Subject: FW: Medical Certificate

I spoke to Ann Dublin yesterday concerning the matter of me accessing my employee occupational medical records and whether she had received a response from FPS. (Her message to me is below). It is my understanding after speaking to her

8/24/2007

that she is of the impression from your communication to her that I received the information concerning access to my employee medical folder. As you can see from Paul Constable's message below, he referred me to the servicing human resources office for information on how to access my file, which is held by a contractor. When I contacted HR in Laguna, California, they advised me that they have nothing to do with FPS medical records. I never received a reply from Dennis O'Connor, who advised that he was referring the matter to you and would get back to me. As of this time, I have not received anything on the location of my medical records dating back to 2000, when I was first examined for employment with FPS. Yesterday, I was asked to submit a request to the DHS Department Disclosure Officer as a Privacy Act Request. I mailed that request today.

From: "Dublin, Ann" <Ann.Dublin@dhs.gov>
To: "Earl M. Boyd" <earlboyd01@comcast.net>
Cc: "Dublin, Ann" <Ann.Dublin@dhs.gov>
Subject: RE: Employee Occupational Medical Records
Date: Mon, 11 Jun 2007 20:59:48 +0000

Mr. Boyd,

I received your inquiry; I am researching this matter. However, the POC is out of the office today. I will inform you when I have a response from the Federal Protective Service Policy Office.

Ann Dublin

Human Resources Specialist

Senior Human Capital Consultant

Human Capital Services, OCHCO
Department of Homeland Security

Direct:  202-357-8282

Fax:    202-357-8162

Earl M. Boyd
Colonel/District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA  22312
Office:  703-235-6103
Cellular: 202-345-7786
Fax: 703-235-6029

From: Constable, Paul D [mailto:Paul.Constable@dhs.gov]
Sent: Thursday, June 21, 2007 10:11 AM

To: Boyd, Earl M
Subject: Medical Certificate

COL Earl Boyd:

Reference your complaint to OPM, who referred to DHS Human Capital, who referred to FPS.

As the agency representative, I am satisfied with the medical certificate provided on June 18, 2007. The certificate will be maintained in your personnel file and in your medical folder. This agency considers the matter closed.

If you want to obtain a copy of your medical file, please contact your servicing human resource office for information on how to request those records - the official file of which is maintained by a contractor.

Thanks!

Paul D. Constable

Deputy Regional Director

FPS, NCR, ICE, DHS

Office:  202-245-2300

Cellular:  202-437-9366

8/24/2007

# EXHIBIT 2

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

EARL M. BOYD      :
          :  CIVIL NO.:  07 1098 PLF
 Plaintiffs,      :
          :
    v.      :
          :
U.S. DEPARTMENT OF HOMELAND :
SECURITY,      :
          :
 Defendants.     :
_____:

## DECLARATION OF ANASTAZIA TAYLOR

1. I, Anastazia Taylor, make the following statement, under penalty of perjury, pertinent to the above styled and numbered cause, and being over 18 years of age, am fully competent to make the statements contained in this declaration.

2. I am a Paralegal Specialist in the Freedom of Information Act/Privacy Act (FOIA/PA) Office, (FOIA) GS-12, at U.S. Immigration and Customs Enforcement (ICE) within the Department of Homeland Security (DHS). I have held this position since February 5, 2007. My office is located at 800 North Capitol Street, N.W., Suite 585, Washington DC 20536.

3. Among other things. the official duties and responsibilities of my position is the processing of Freedom of Information Act requests and reviewing records processed by paralegal specialists in the office.

4.      I am familiar with the facts of this case. This declaration is based upon my personal

knowledge, review of documents kept in the course of business, and information conveyed to me

in the course of my official duties.

5.      On July 10, 2007, the Freedom of Information Act (FOIA) office received an email from

Thuylieu Kazazian, staff Attorney for the Immigration and Customs Enforcement, Office of

Principal Legal Advisor, inquiring whether the FOIA office had received a FOIA request from

Earl M. Boyd requesting medical records on himself.

6.      In a phone conversation and by email on July 11, 2007, I informed Ms. Kazazian that

after a thorough search of our database, it was determined that we had not received a FOIA

request from Mr. Boyd asking for his medical records.

        I declare under penalty of perjury that the forgoing is true and correct to the best of my

knowledge and belief.  Signed this 16th day of August, 2007.

ANASTAZIA TAYLOR
Paralegal Specialist
Freedom of Information Act Office
U. S. Immigration and Customs Enforcement
United States Department of Homeland Security