UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Earl M. Boyd )
)
Plaintiff, )
)
v. ) NO. **07cv1098 - PLF**
)
Michael Chertoff, Secretary, )
U.S. Department of Homeland Security )
)
Defendant )

**PLAINTIFF'S MOTION FOR COURT ORDER TO DEFENDANT THAT
DEFENDANT PUBLISH IMPLEMENTING INSTRUCTIONS**

1. In Defendants' Motion To Dismiss Plaintiff's Complaint, Defendants' Counsel has bombarded the Court with legal arguments for dismissal of Plaintiff's Complaint based solely on the single issue of Plaintiff's occupational medical records, while making only a passing mention of the remaining provision of the Privacy Act of 1974 that the Defendant is still herewith in violation, which is addressed by Plaintiff in another filing.

2. Plaintiff contends that Defendants' failure to comply with the provisions of 5CFR293.503 requiring Defendant to issue implementing instructions consisting of written internal instructions describing how their EMFS is to be implemented gave cause to Plaintiff having to seek relief from the Court because Plaintiff was given conflicting instructions on how to

request access to Plaintiff's occupational medical records contained in Defendant's EMFS. Those conflicting instructions included the following:

3. Federal Protective Service (FPS), National Capital Region (NCR), Regional Medical Coordinator Antonia Acevedo advised Plaintiff that a written request had to be made to Plaintiff's regional director, Mr. Dennis O'Connor. Complainant complied with that instruction and made a written request.

4. FPS NCR Regional Director Dennis O'Connor received Plaintiff's written request and advised Plaintiff in writing that Plaintiff's request was forwarded to FPS National Medical Coordinator Susan Spannbauer.

5. Before Plaintiff received a response from either Mr. O'Connor or Ms. Spannbauer, on June 21, 2007, FPS NCR Deputy Regional Director Paul Constable advised Plaintiff in writing that "If you want to obtain a copy of your medical file, please contact your servicing human resource office for information on how to request those records – the official file of which is maintained by a contractor." Plaintiff contacted the servicing human resource office and they had no knowledge of how to access those records. They referred Plaintiff to Ms. Spannbauer.

6. Defendants' Counsel Assistant United States Attorney Kenneth Adebonojo advised Plaintiff in writing that Plaintiff's request had to be made in writing to the United Sates Department of Homeland Security Department Disclosure Officer as a Privacy Act Request since the Defendants had not

identified the responsible office where the Plaintiff's occupational medical records are kept.

7. Plaintiff complied with the advice from AUSA Adebonojo and on August 13, 2007, Plaintiff submitted a written request for Plaintiff's occupational medical records to the DHS Department Disclosure Office.

8. On August 14, 2007, Plaintiff contacted FPS National Medical Coordinator Ms. Spannbauer in writing to advise her of the advice from AUSA Adebonojo on how to request occupational medical records from the Agency.

9. On August 14, 2007, Ms. Spannbauer responded to Plaintiff in writing that "Submitting a request to the DHS Department Disclosure Officer as a Privacy Act Request appears appropriate" but "it is my understanding that an employee requesting a copy of their official agency medical folder needs to follow the procedures outlined in the attachment above". Ms. Spannbauer further stated "If the request for your medical records in pursued, the request should be submitted to: Comprehensive Health Service, Inc., Attn: FPS Client Service Administrator, 8229 Boone Boulevard, Suite 700, Vienna, VA 22182."

10. On August 17, 2007, Plaintiff received an email message from Defendants' Counsel AUSA Adebonojo advising Plaintiff that "It appears you failed to exhaust your administrative remedies pursuant to 6 CFR 5.25 and the Administrative Procedures Act. Moreover, according to the regulation, the Agency cannot process your pending request because of

*the unripe action in Federal Court. Would you consider withdrawing your complaint? Hopefully, you will not have to refile because you'll get the docs you are requesting but you always have that option. Thanks!"*

11. Plaintiff realized that Defendants' Counsel AUSA Adebonojo was citing false legal information and was making an attempt to deceive Plaintiff into believing that the only way Plaintiff could receive his occupational medical records was to withdraw plaintiff's complaint. Plaintiff ignored this false legal information.

12. Plaintiff complied with Ms. Spannbauer's written instructions and submitted his written request to Comprehensive Health Services, Inc.

13. Plaintiff herewith acknowledges that on August 22, 2007, Plaintiff received a copy in writing of all of Plaintiff's pertinent occupational medical records that were contained in Defendant's Employee Medical File System (EMFS) as of August 21, 2007.

14. On Saturday, September 1, 2007, Plaintiff received a letter dated August 30, 2007 from Catrina M. Pavlik-Keenan, FOIA Officer, U.S. Department of Homeland Security advising Plaintiff that Plaintiff's August 13, 2007 FOIA request for occupational medical records was received on August 30, 2007, that such requests are handled in the order in which they are received and that "there are currently 1862 open requests ahead of yours".

15. Plaintiff submits that this issue could have been avoided had Defendants simply complied with the provisions of 5CFR293.503 and issued the

appropriate written instructions to Defendants' FPS employees for implementing Defendants' EMFS. Therefore, it is Plaintiff's contention that Defendants' failure to comply with those provisions caused Plaintiff to have to go to great lengths and follow false leads just to obtain a copy of Plaintiff's employee occupational medical records.

## CONCLUSION

In consideration of the foregoing, the Plaintiff respectfully requests that the enclosed ORDER be served upon the Defendant.

Dated: September 4, 2007                            Respectfully submitted,

                                                    _____
                                                    Earl M. Boyd
                                                    5905 Mardella Blvd
                                                    Clinton, MD  20735
                                                    301-868-0008

Enclosure

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2007, I caused the foregoing Plaintiff's Motion For Court Order to be served upon Defendants' Counsel by depositing it in Priority Mail, United States Postal Service, postage prepaid, addressed to:

Kenneth Adebonojo
Assistant United States Attorney
555 Fourth St. N.W.
Washington, DC  20530

　　　　　　　　　　　　　　　　　　　　　　　／s／ Earl M. Boyd
　　　　　　　　　　　　　　　　　　　　　　　Earl M. Boyd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Earl M. Boyd<br><br>　　　　Plaintiff,<br><br>v.<br><br>Michael Chertoff, Secretary,<br>U.S. Department of Homeland Security<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)　　NO. **07cv1098 - PLF**<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

This matter comes before the Court on PLAINTIFF'S MOTION FOR COURT ORDER TO DEFENDANT THAT DEFENDANT PUBLISH IMPLEMENTING INSTRUCTIONS that contain written internal instructions describing how Defendants' Employee Medical File System (EMFS) is to be implemented in accordance with the provisions of 5CFR293.503. After considering the appropriate pleadings, the record herein, and applicable law, it is this _____ day of _____, 2007, hereby

　　ORDERED, Plaintiff's motion is hereby GRANTED; and it is

　　FURTHER ORDERED, that within sixty (60) days of this ORDER, Defendant shall provide the Court with documented written evidence that Defendant has issued written internal instructions to ALL Federal Protective Service employees describing how Defendant's EMFS is to be implemented; and it is

2

FURTHER ORDERED, that Defendant's written internal instructions specifically identify Defendant's compliance with ALL of the provisions of 5CFR293.503 paragraphs (a) through (q).

_____

HONORABLE PAUL L. FRIEDMAND, U.S.D.J.