UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

SEP - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| Earl M. Boyd | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. **07cv1098 - PLF** |
| | ) | |
| Michael Chertoff, Secretary, | ) | |
| U.S. Department of Homeland Security | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

1. In Defendants' Motion To Dismiss Plaintiff's Complaint, Defendants' Counsel has attempted to overwhelm the Court with a litany of legal arguments to persuade the Court to dismiss Plaintiff's Complaint based solely on the fact that Plaintiff has received his occupational medical records from the Defendants, while making only a passing reference to the fact that Defendants are continuing to violate the provisions of the Privacy Act of 1974.

2. Plaintiff believes that Defendants' failure to comply with the provisions of 5CFR293.503 requiring Defendant to issue implementing instructions consisting of written internal instructions describing how their EMFS is to be implemented and combined with Defendants' failure to comply with the provisions of the Privacy Act of 1974 as contained in 5 U.S.C. §552a(e)

Agency requirements and 5 U.S.C. §552a(f) Agency rules has caused and is still causing harm to the Plaintiff that has not been resolved merely by providing Plaintiff a copy of Plaintiff's occupational medical records.

3. Defendants' FPS Directive Number FPS-05-012, effective July 19, 2005 requiring Plaintiff and other uniformed FPS officers who wear beards due to medical conditions to present a written statement from a medical doctor to their immediate field supervisor, verifying the existence of a medical condition, is a clear violation of Plaintiff's right to privacy since Defendant has a contract with Comprehensive Health Services, Inc. to provide occupational medical examinations, to conduct medical reviews and to maintain Defendants' employees' occupational medical records in the Employee Medical File System (EMFS).

4. Plaintiff, as an African American employee of the Defendant, and other uniform FPS officers, primarily African Americans, who wear beards due to medical conditions should not be forced to continue to have their privacy rights violated by Defendants by having to continuously keep a copy of a written statement from a medical doctor verifying the existence of a medical condition available for production upon demand by any immediate field supervisor who demands to see such medical documentation under the authority of the provisions of Defendants' FPS Directive Number FPS-05-012, effective July 19, 2005.

5. Defendants' Counsel Kenneth Adebonojo is using the legal argument that since Defendant Michael Chertoff is the Secretary of the United States

Department of Homeland Security, and Defendants' illegal actions in violation of the Privacy Act of 1974 do not involve a "state action", then the Court should dismiss this Complaint and allow Defendant Michael Chertoff and others to continue to violate the privacy rights of the Plaintiff and the other mostly African American uniform officers of FPS who must wear beards due to a medical condition that has been documented in writing.

6. Plaintiff submits that notwithstanding the provisions of a 1983 claim applying only to "state actions", this Court has the jurisdiction to adjudicate this action under the provisions of the Privacy Act of 1974 as provided under 5 U.S.C. §552a(g)(1)(D) which states "Civil remedies Whenever any agency...(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection".

7. In Defendant's Exhibit 1, there is an email message dated Thursday, June 21, 2007 from Plaintiff's immediate supervisor Paul D. Constable, Deputy Regional Director, FPS NCR, Mr. Constable advised Plaintiff "As the agency representative, I am satisfied with the medical certificate provided me on June 18, 2007. The certificate will be maintained in your personnel file and in your medical folder."

8. Plaintiff contends that the Defendants do not employ Mr. Constable as a medical doctor and therefore neither Mr. Constable nor any other field

supervisors employed by Defendants should be receiving or evaluating medical certificates from medical doctors detailing the medical conditions of any employees to determine the medical sufficiency of such medical certificates.

9.  Plaintiff contends that Defendants' failure to comply with the provisions of 5 CFR293.503 Implementing Instructions is a direct cause of FPS Directive Number FPS-05-012 being in violation of the Defendants' responsibility to "(e) Ensure proper records retention and security, and preserve confidentiality of doctor/patient relationships".

10. Plaintiff's contends that Mr. Constable's actions of demanding that Plaintiff submit Plaintiff's medical certification directly to Mr. Constable is a direct violation of Plaintiff's confidentially of doctor/patient relationship with Plaintiff's private physician Dr. Paul Wilson.

11. Plaintiff contends that although Plaintiff submitted the demanded medical certificate to Mr. Constable on June 18, 2007 and Mr. Constable's aforementioned email message of June 21, 2007 confirms the receipt of that medical certificate, Plaintiff's medical certificate was not included in the employee occupational medical records Plaintiff received on August 22, 2007 from Comprehensive Health Services, Inc. even though the letter dated August 21, 2007 enclosed with the occupational medical records stated "The records contained here-in represent all medical information contained in your record known to Comprehensive Health Services, Inc."

12. Plaintiff contends that during the period of over two months between Mr. Constable's receipt of Plaintiff's medical certificate on June 18, 2007 and the letter dated August 21, 2007 from Comprehensive Health Services Inc. accompanying Plaintiff's occupational medical records, there was more than enough time for Plaintiff's medical certificate to have been included in Plaintiff's employee occupational medical records.

13. Plaintiff contends that Defendants' failure to have implementing instructions in place and Defendants' failure to properly supervise the actions of Mr. Constable resulted in Mr. Constable failing to ensure that Plaintiff's medical certificate from Dr. Paul Wilson was properly placed in Plaintiff's employee occupational medical records in Defendants' EMFS.

14. Plaintiff believes that Defendants can easily remedy these violations in the future if the Defendants issue the written instructions required under the laws and regulations mentioned in this case.

15. Plaintiff believes that Defendants can ensure their employees' confidentiality of doctor/patient relationships by simply requiring that all medical certificates for FPS officers with beards be submitted to either the Agency's regional medical coordinators or the Agency's national medical coordinator for forwarding to the Agency's contracted medical services provider, Comprehensive Health Services, Inc., for review by the Agency's contracted medical review officer and filing in the Agency's EMFS.

16. Plaintiff believes that Defendants can further ensure their employees' confidentiality of doctor/patient relationships by requiring field supervisors

who need verification of whether an FPS uniform officer wearing a beard has submitted the required medical certificate to contact either the Agency's regional medical coordinator or the Agency's national medical coordinator to provide the oral verification that the appropriate medical certificate for the uniform officer to wear a beard is on file without revealing the exact nature of the uniform officer's medical condition or the specific medical diagnosis of the member.

17. Plaintiff has first-hand knowledge that such a policy and practice will protect the confidentiality of the doctor/patient relationship because the Plaintiff had a medical certificate for growing a beard on file with the District of Columbia's Metropolitan Police Department Police and Fire Clinic for approximately 20 years during Plaintiff's tenure as a uniformed member of the Metropolitan Police Department.

18. During Plaintiff's tenure with the Metropolitan Police Department, Plaintiff only had to submit one medical certificate to the Police and Fire Clinic for filing in Plaintiff's employee medical folder. Plaintiff was never required to present a copy of Plaintiff's medical certificate to any supervisor.

19. Plaintiff believes that rather than seeking a way to protect the privacy rights and doctor/patient confidentiality of Plaintiff and other African American uniform FPS officers who must be humiliated constantly by having to produce medical certificates documenting some kind of disease for their beards, Defendants Counsel Mr. Adebonojo is seeking to have the Court dismiss this case on the basis that the Defendants' actions in

violation of the aforementioned laws and regulations are not "state actions" but are "federal actions" as if it is alright for the Government of the United States to implement a directive that violates the privacy provisions of federal laws and regulations.

20. Defendants' Counsel Mr. Adebonojo essentially contends that under Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim under which relief can be granted.

21. However, it has to be noted that Defendants' Counsel Mr. Adebonojo completely avoided addressing any of his legal arguments to Defendants' continuing violation of Plaintiff's rights and the rights of the other mostly African American uniform FPS officers who are forced to suffer humiliation as if they are still living under the rules enacted during slavery in this country whereby African Americans who were seen off the plantation not in the company of a white person had to "show their papers" upon the demand of any white person to determine if the person was a slave with a pass or a free African American who had somehow gained their freedom because the assumption at that time was that all African Americans were slaves.

22. In FPS, Plaintiff and all African American uniform officers with a beard are presumed to be in violation of the shaving provisions of FPS Directive Number FPS-05-012 unless they can produce a medical certificate from a doctor upon the demand of their field supervisor.

23. Since FPS is a national organization and uniform FPS officers are routinely deployed from their assigned regions to other regions across the country due to acts of domestic terrorism, special events and natural disasters, there may be many times when the Plaintiff and other African American uniform officers with beards will be required by their field supervisors on these deployments to show their medical certificates since all members on these deployments will be operating under the unlawful provisions of FPS Directive Number FPS-05-012.

24. Plaintiff contends that Defendants' Counsel Mr. Adebonojo deliberately failed to address the issues involving the illegal provisions of FPS Directive Number FPS-05-012 in an attempt to divert the Court's attention away from that issue and to focus the Court's attention on the employee occupational medical records issue.

## CONCLUSION

In consideration of the foregoing, the Plaintiff respectfully requests that the Defendant's Motion to Dismiss Plaintiff's Complaint be **DENIED** and that this matter move forward in the Court.

Dated: September 4, 2007

Respectfully submitted,

Earl M. Boyd
5905 Mardella Blvd

Clinton, MD  20735
301-868-0008

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2007, I caused the

foregoing Plaintiff's Motion For Court Order to be served upon Defendants'

Counsel by depositing it in Priority Mail, United States Postal Service, postage

prepaid, addressed to:


Kenneth Adebonojo
Assistant United States Attorney
555 Fourth St. N.W.
Washington, DC  20530

Earl M. Boyd