UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL M. BOYD,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL CHERTOFF, Secretary, United States Dep't of Homeland Security<br><br>          Defendant. | )<br>)  No. 1:07cv1098 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

In his complaint filed on June 19, 2007, Plaintiff alleges that "violations of the Privacy Act of 1974...constitute a deprivation of [his] rights and privileges secured under the law of the United States, thereby making Defendant liable to Plaintiff as the injured under the provisions of 42 U.S.C. § 1983." Compl. at ¶7.11. Defendant moved to dismiss on the grounds that Plaintiff failed to state a claim because he failed to exhaust his administrative remedies and that the 1983 claim failed for lack of state action. In his opposition, Plaintiff concedes the 1983 claim but maintains that the Court could grant relief under the Privacy Act. Plaintiff's Opposition at ¶6 ("Pl. Opp."). The Privacy Act claim suffers the same fate as the 1983 claim because Plaintiff failed to exhaust his administrative remedies. In addition, Plaintiff's claim of denial of access to his Employee Medical File is moot because said files have been provided to him already and he has acknowledged receipt of same. Finally, Plaintiff's opposition to the Federal Protective Service's ("FPS") grooming policy requirements based on the Privacy Act is misplaced. Accordingly, dismissal is proper.

**ARGUMENT**

**A. Plaintiff's Complaint Fails to State How FPS-05-012 Violates the Privacy Act**

A generous reading of Plaintiff's complaint and opposition to Defendant's Motion to Dismiss suggests that the real bone of contention is Plaintiff's objection to having to provide a medical waiver to his non-medical supervisor as required by FPS's grooming standards set forth at FPS-05-012.[1]  Specifically, Plaintiff contends that FPS-05-012 violates 5 C.F.R. 293.504(b) and 5 C.F.R. 297.205.  Pl. Opp., ¶4.  Plaintiff argues that the grooming provision's requirement that a medical waiver be provided to his immediate supervisor violates the Privacy Act because his immediate supervisor is not a medical doctor.  Plaintiff seeks an order enjoining this requirement.  Plaintiff's reliance on the Privacy Act for relief is grossly misplaced.

The Privacy Act governs maintenance and disclosure of information pertaining to individuals from files maintained about them.  The Privacy Act does not address whether an agency may require an employee to provide medical waivers to non-medical agency officials under its grooming policy for uniformed employees.  Notably, neither provision Plaintiff cites addresses to whom medical waivers should be provided.  To be sure, 5 C.F.R. 293.504(b) deals with disclosure of information to the subject and to medical and non-medical agency officials when "needed for the performance of official duties."  If anything, the regulation contradicts Plaintiff's position.  The regulation suggests that occupational medical records could be requested by and handled by non-medical agency officials.  Similarly, 5 C.F.R. 297.205 enables

---

[1] Plaintiff also alleges, in paragraphs two (2) and nine (9) of his opposition, that Defendant's failure to implement regulations pertaining to Employee Medical File System is a violation of the Privacy Act.  This argument is the basis of a separate Motion Plaintiff filed along with his opposition.  These false allegations will be addressed in Defendant's opposition to said motion.

the records system manager to require that records be disclosed to only medical personnel in "special" situations. Plaintiff's complaint fails to state a cause of action under the Privacy Act regarding FPS-05-012 and his opposition has not raised any concrete objection to dismissal.

### B. Plaintiff's Failure to Exhaust is Fatal to His Claim

On or about June 11, 2007, Plaintiff sent a request for access to his medical records to his second-level supervisor. A request for access to records made to one's supervisor is not a compliant request under 6 C.F.R. 5.21, Defendant's regulations pertaining to Privacy Act requests. One week later, Plaintiff filed the within action. Plaintiff received the requested documents on or about August 22, 2007. Although he has cited various regulations in his complaint and opposition, had Plaintiff given Defendant a reasonable amount of time to respond, there would not have been an adverse decision from which an appeal could be taken. Assuming *arguendo*, there was an adverse decision, Plaintiff failed to exhaust his administrative remedies as required by 6 C.F.R. 5.25(c) and 5 C.F.R. 297.208.

Failure to exhaust is not a jurisdictional bar but is a "condition precedent" to filing in District Court. *Clemmons v. U.S. Army Crime Records Ctr*., 2007 U.S. Dist. Lexis 23919, 11 (D.D.C. 2007)(dismissing an action for failure to state a claim where plaintiff failed to appeal a denial of his request to amend his records under the Privacy Act). Similarly, in *Cargill v. Marsh*, plaintiff sought to effectuate his transfer from the JAG Corps to the Corps of Engineers through a Privacy Act request. 902 F.2d 1006 (D.C. Cir. 1990). Plaintiff filed in District Court without appealing the denial of his request. The Circuit affirmed the lower court's dismissal of the Privacy Act claim because the plaintiff failed to appeal the denial of his request to amend the records that would have effectuated the transfer he sought. *Id*. at 1007-08. The Circuit also

noted that it was improper for the plaintiff to attempt to effectuate a personnel matter through the Privacy Act and the courts. *Id*.

At the risk of overstating the obvious, the regulations and case law cited above are clearly contrary to Plaintiff's contentions. They dictate that Plaintiff is required to file an appeal from an adverse decision before filing in District Court. There was no adverse decision and, even if there was, Plaintiff concedes that he failed to appeal. Therefore, the consequence is dismissal.

## **CONCLUSION**

Upon the foregoing, the Defendant respectfully requests that this action be dismissed.

Dated: September 19, 2007               Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7157
Facsimile: (202)514-8780
kenneth.adebonojo@usdoj.gov

**Of Counsel:**
Thuylieu T. Kazazian
Associate Legal Advisor
United States Department of Homeland Security

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2007, I caused the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss to be filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first class mail, postage prepaid, addressed to:

Earl M. Boyd
5905 Mardella Blvd.
Clinton, Md
20735

_____/s/_____
KENNETH ADEBONOJO