UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EARL M. BOYD.                       )
         Plaintiffs,                )
                                    )
     v.                             )  No. 1:07cv1098 (PLF)
                                    )
MICHAEL CHERTOFF, SECRETARY,        )
U.S. DEPARTMENT OF HOMELAND         )
SECURITY,                           )
         Defendant.                 )
_____ )

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL DEFENDANT TO PROMULGATE
REGULATIONS PURSUANT TO 5 C.F.R. §293.503**

Department of Homeland Security ("Defendant"), by and through counsel, respectfully moves this Honorable Court to deny Plaintiff's Motion to compel Defendant to promulgate regulations implementing 5 C.F.R. §293.503. In support thereof, Defendant refers this Court to the attached memorandum of points and authority.

September 24, 2007                  Respectfully submitted,

                                    _____/s/_____
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                    _____/s/_____
                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                    Assistant United States Attorney

                                    _____/s/_____
                                    KENNETH ADEBONOJO
                                    Assistant United States Attorney
                                    Judiciary Center Building
                                    555 Fourth Street, N.W.
                                    Room E4210
                                    Washington, D.C. 20530
                                    (202) 514-7157
                                    kenneth.adebonojo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARL M. BOYD.<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MICHAEL CHERTOFF, SECRETARY,<br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) No. 1:07cv1098 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL DEFENDANT TO PROMULGATE
REGULATIONS PURSUANT TO 5 C.F.R. §293.503**

Department of Homeland Security ("Defendant") Opposes Plaintiff's Motion to Compel Defendant to implement regulations pursuant to Office of Personnel Management ("OPM") regulation, 5 C.F.R. §293.504.[1] The motion is moot because Defendant already has such regulations. Plaintiff is an employee of the Federal Protective Services ("FPS"), a component of Defendant. In support of Plaintiff's Motion for Order, Plaintiff appears to allege that Defendant is in violation of 5 C.F.R. §293.503 because Defendant does not have instructions as required thereby and because Defendant provided Plaintiff with conflicting instructions regarding access to Plaintiff's medical

---

[1] In his opposition to Defendant's Motion to Dismiss, Plaintiff appears to be seeking the same relief that is sought here. Said relief was not sought in Plaintiff's complaint and cannot now be sought except by an amendment to Plaintiff's complaint pursuant to the rules. In any case, as argued herein, the relief sought here and in Plaintiff's opposition to Defendant's Motion to Dismiss should be denied as moot. Moreover, Plaintiff never exhausted his administrative remedies and thereby did not comply with a necessary prerequisite to be before this court.

records. Plaintiff sets forth a litany of facts regarding the process and "conflicting" communications Plaintiff received to obtain Plaintiff's medical records.

## ARGUMENT

**Plaintiff's Motion Should be Denied as Moot Because Defendant is Compliant with 5 C.F.R. §293.503**

Defendant is compliant with OPM regulation 5 CFR 293.503. *See* 6 C.F.R. 5.21; 5.22. The OPM regulation requires agencies to implement instructions regarding Employee Medical File Systems. The regulation defines implementing instructions as "any form of internal agency issuance that provides the guidance required ... and any other guidance the agency deems appropriate." The regulation also requires the agency instructions to comply with a list of items, including subpart (e) which "ensure[s] proper records retention and security, and preserve confidentiality of doctor/patient relationship."

Defendant is compliant therewith. 6 C.F.R. §5.21 sets forth instructions regarding how to request access to records about oneself when an individual can determine and when an individual cannot determine which Department component maintains the records being sought. DHS regulation §5.22 sets forth the responsibilities of the Department component for responding to requests for an individual's request for access to his or her records.

Plaintiff admits that Ms. Susan Spannbauer, the FPS National Medical Coordinator and undersigned counsel directed Plaintiff to 6 C.F.R. §5.21 which provides the procedural process to obtain records about oneself. *See* Pl. Mot. at ¶6. and ¶9. Both Ms. Spannbauer and the undersigned directed Plaintiff to the correct regulation to afford

him access to his records. The evidence that Plaintiff was directed appropriately is that he received his records almost immediately thereafter. Plaintiff makes the claim that it is Defendant's duty to direct Plaintiff to the correct Department component maintaining Plaintiff's records prior to receiving a written request as required pursuant to 6 C.F.R. §5.21.

Plaintiff, in response to undersigned counsel's suggestion to follow DHS regulation §5.21, states that "it is impossible for me to do as you suggest since your client, DHS, has not provided sufficient information for me to even make the request." Defendant's regulations provide sufficient information to individuals about the process to obtain records from the Department. Moreover, it is the individual's duty to submit a request and if the individual cannot identify the component that maintains the records the individual is seeking, then the individual has the duty to send a written request to the Departmental Disclosure Officer to obtain the records, as undersigned counsel instructed Plaintiff to do in this case pursuant 6 C.F.R. §5.21(a).

Plaintiff did not receive conflicting instructions regarding the procedure to access Plaintiff's medical records. Plaintiff followed the two avenues provided for in 6 C.F.R. §5.21 where an individual can either provide a written request directly to the Department Component or to the Departmental Disclosure Officer when one cannot determine where to send the request. Since the regulations Plaintiff seeks the Court to order already exist, Defendant respectfully requests that this Court deny Plaintiff's Motion for Order as moot.[2]

---

[2]   Plaintiff, in effect, is seeking mandamus from this Court. However, the standard for mandamus is very high. *See Kaur v. Chertoff*, 489 F.Supp.2d 52, 65 (D.C.D 2007). Plaintiff

## CONCLUSION

For the reasons stated above, Plaintiff's Motion should be denied as moot.

September 24, 2007                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4210
Washington, D.C. 20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov

---

has not shown that Defendant owes him a clear, nondiscretionary duty to issue the required regulation. *Id*.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2007, I caused the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss to be filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first class mail, postage prepaid, addressed to:

Earl M. Boyd
5905 Mardella Blvd.
Clinton, Md
20735

_____/s/_____
KENNETH ADEBONOJO