UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Earl M. Boyd

Plaintiff,

v.

NO. 07cv1098 - PLF

Michael Chertoff, Secretary,
U.S. Department of Homeland Security

Defendant

RECEIVED
OCT 1 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROMULGATE REGULATIONS PURSUANT TO 5 C.F.R. § 293.503**

1. In Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Promulgate Regulations Pursuant to 5 C.F.R. § 293.503, Defendant's Counsel Kenneth Adebonojo stated, "Defendant is compliant with OPM regulation 5 C.F.R. § 293.503" and cited 6 C.F.R. § 5.21 and 5.22 as satisfying the requirements of 5 C.F.R. § 293.503. Plaintiff submits that this legal argument by Defendant's Counsel is so far from the truth that it does not merit any consideration at all for the reasons explained in the following paragraphs.

2. 5 C.F.R. § 293.503 Implementing Instructions is contained within Title 5 Administrative Personnel, Chapter I Office of Personnel Management, Part 293 Personnel Records, Subpart E Employee Medical File System Records, while 6 C.F.R. § 5.21 Requests for access to records and 6

RECEIVED
OCT 1 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

C.F.R. § 5.22 Responsibility for responding to requests for records are contained within Title 6 Homeland Security, Chapter 1 Department of Homeland Security, Office of the Secretary, Part 5 Disclosure of Records and Information—Table of Contents, Subpart B-Privacy Act. They address two completely different and separate legal subject matters.

3. 5 C.F.R. § 293.503 specifies, "Agencies must issue written internal instructions describing how their EMFS" [Employee Medical File System] "is to be implemented." 6 C.F.R. § 5.21 specifies, "You may make a request for access to a Department of Homeland Security record about yourself by appearing in person or by writing directly to the Department component that maintains the record."

4. 5 C.F.R. § 293.503 specifies, "These instructions must – (a) Describe overall operation of the system within the agency including designation of the agency official who will be responsible for overall system management." In this instance, the "system" is the Employee Medical File System. Neither 6 C.F.R. § 5.21 nor 5.22 contains provisions designating the agency official who will be responsible for overall Employee Medical File System management.

5. 5 C.F.R. § 293.503 specifies, "These instructions must – (c) Describe where and under whose custody employee occupational medical records will be physically maintained". Neither 6 C.F.R. § 5.21 nor 5.22 contains provisions describing where nor under whose custody employee occupational medical records will be maintained.

6. 5 C.F.R. § 293.503 specifies, "These instructions must – (d) Designate which agency office(s) will be responsible for deciding when and what occupational medical records are to be disclosed either to other agency officials or outside the agency". Neither 6 C.F.R. 5.21 nor 5.22 contains provisions designating which agency office(s) will be responsible for deciding when and what occupational medical records are to be disclosed.
7. 5 C.F.R. § 293.503 specifies, "These instructions must – (e) Ensure proper records retention and security, and preserve confidentiality of doctor/patient relationships". Neither 6 C.F.R. 5.21 nor 5.22 contains provisions concerning proper occupational medical records retention and security.
8. 5 C.F.R. § 293.503 specifies, "These instructions must – (k) Ensure that a knowledgeable official determines that all appropriate long-term occupational medical records are in an EMF prior to its transfer to another agency, to the NPRC, or to another office with the same employing agency". Again, neither 6 C.F.R. 5.21 nor 5.22 contains provisions concerning the transfer of occupational medical records.
9. The specific instructions called for in 5 C.F.R. § 293.503 are listed from (a) through (q) for a total of 17 specific requirements that all pertain to the subject of Employee Medical File System Records, yet neither 6 C.F.R. 5.21 nor 5.22 contains provisions that address these 17 specific requirements even though Defendant's Counsel claims otherwise.

10. 5 C.F.R. § 293.506 Ownership of the Employee Medical Folder specifies, "The EMF of each employee in a position subject to civil service rules and regulations is part of the records of the Office". Plaintiff is an employee in a position subject to civil service rules and regulations. In this section, the term "Office" means the Office of Personnel Management. Therefore, Plaintiff's EMF is a part of the records of the Office, not the agency. 6 C.F.R. § 5.21 and 5.22 specifically discuss "access to a Department of Homeland Security record, not "records of the Office".

11. The above paragraphs clearly show that Defendant's Counsel has the brazen boldness to submit to the Court that Defendant is compliant with the provisions of 5 C.F.R. § 293.503 even though neither 6 C.F.R. § 5.21 nor 5.22 make any mention of the Employee Medical File System Records.

12. Defendant's Counsel falsely stated (page 3 ¶2) "Plaintiff admits that Ms. Susan Spannbauer, the FPS National Medical Coordinator and undersigned counsel directed Plaintiff to 6 C.F.R. § 5.21". Rather than directing Plaintiff to 6 C.F.R. § 5.21, in her email message of August 14, 2007 to Plaintiff, Ms. Spannbauer specifically stated, "Mr. Boyd- Submitting a request to the DHS Department Disclosure Officer as a Privacy Act Request *appears appropriate [italics added]*." Ms. Spannbauer further stated, "If the request for your medical records is pursued, the request should be submitted to: Comprehensive Health Services, Inc., Attn: FPS Client Service Administrator, 8229 Boone

Boulevard, Suite 700, Vienna, VA 22182". Therefore, Ms. Spannbauer never "directed" Plaintiff to 6 C.F.R. § 5.21 and Plaintiff never admitted this as falsely stated by Defendant's Counsel.

13. Plaintiff complied with the direction of Defendant's Counsel and the provisions of 6 C.F.R. § 5.21 by submitting a written request for Plaintiff's occupational medical records on August 13, 2007 to the Department Disclosure Officer, Department of Homeland Security, since the Defendant has not identified the Department component that maintains the record as required by 5 C.F.R. § 293.503(c) which specifies, "These instructions must—(c) Describe where and under whose custody employee occupational medical records will be physically maintained".

14. Had the Defendant complied with the implementing instructions required of the agency under 5 C.F.R. § 293.503(c), then Plaintiff could have submitted the written request directly to the Department component maintaining the records rather than to the Department Disclosure Officer as directed by Defendant's Counsel. This is further proof of Defendant's noncompliance with 5 C.F.R. § 293.503.

15. In a letter dated August 30, 2007, Catrina M. Pavlik-Keenan, FOIA Officer, acknowledged receipt of Plaintiff's August 13, 2007 request and advised Plaintiff that "Although DHS' goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period...DHS will invoke a 10-day extension for your request...We will make every effort to comply with your request in a timely manner;

however, there are currently 1862 open requests ahead of yours." [EXHIBIT 1]

16. Plaintiff followed the suggestion of Ms. Spannbauer by submitting a written request for Plaintiff's occupational medical records on August 14, 2007 to Comprehensive Health Services, Inc., Agency's private contractor.

17. Plaintiff submits that Plaintiff's occupational medical records were actually provided to Plaintiff on August 22, 2007 pursuant to Plaintiff's written request of August 14, 2007 to Comprehensive Health Services, Inc. of 8229 Boone Boulevard, Suite 700, Vienna, VA 22182, as Ms. Spannbauer suggested in her written communication rather than pursuant to the provisions of 6 C.F.R. § 5.21.

18. Plaintiff submits that had Plaintiff relied upon the provisions of 6 C.F.R. § 5.21 as directed by Defendant's Counsel rather than by writing directly to Comprehensive Health Services, Inc. as suggested by Ms. Spannbauer, Plaintiff would likely be still waiting on the Agency to release Plaintiff's occupational medical records that Comprehensive Health Services provided to Plaintiff on August 22, 2007, a full eight (8) days prior to Agency's response letter of August 30, 2007 advising Plaintiff that there were 1,862 open requests ahead of Plaintiff's request and the Agency invoking the 10 additional business days above the 20 business days.

19. 5 C.F.R. § 293.507 Maintenance and content of the Employee Medical Folder specifies, "The agency head must maintain all appropriate employee occupational records in the EMFS." Yet, Comprehensive

Health Services, Inc., is maintaining Plaintiff's occupational medical records Agency's contractor, which provided Plaintiff a copy of Plaintiff's occupational medical records.

20. On August 24, 2007, Plaintiff submitted an inquiry to the United States Office of Personnel Management's Internet FOIA email box asking if Plaintiff's EMF must be maintained by the Agency or whether the Agency can turn those records over to a contractor to maintain.

21. In a reply letter to Plaintiff dated September 6, 2007, Mary Lamary, FOIA Officer, Human Capital Leadership and Merit System Accountability Division, United States Office of Personnel Management stated, "While OPM is the owner of the EMF, the agency is the custodian of the file and is responsible for maintaining the EMF. The file may not be maintained by a contractor. The agency, however, has the discretion as to the physical location of the file." [EXHIBIT 2]

22. The letter from the Office of Personnel Management's FOIA Officer further convinces Plaintiff that Defendant is showing a blatant disregard for the provisions of 5 C.F.R. § 293.503.

23. Rather than showing proof of the required implementing instructions called for under 5 C.F.R. § 293.503, Defendant's Counsel seeks to insult the intelligence of the Court with his absurd legal argument and his repeated attempts to have the Court render this matter as moot.

**CONCLUSION**

In consideration of the foregoing, the Plaintiff respectfully requests that the Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Promulgate Regulations Pursuant to 5 C.F.R. § 293.503 be given unfavorable consideration and that the Court issue the Order that was submitted by Plaintiff.

Dated: September 28, 2007

Respectfully submitted,

Earl M. Boyd
5905 Mardella Blvd
Clinton, MD 20735
301-868-0008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2007, I caused the foregoing Plaintiff's Motion For Court Order to be served upon Defendants' Counsel by depositing it in Priority Mail, United States Postal Service, postage prepaid, addressed to:

Kenneth Adebonojo
Assistant United States Attorney
555 Fourth St. N.W.
Washington, DC 20530

Earl M. Boyd

U.S. Department of Homeland Security
Washington, DC 20536




August 30, 2007

EARL BOYD
5905 MARDELLA BLVD.

CLINTON, MD 20735

Dear Mr. Boyd:

This acknowledges receipt of your August 13, 2007, Freedom of Information Act (FOIA) request to the Immigration and Customs Enforcement (ICE), for occupational medical record and employee medical folder. Your request was received in this office on August 30, 2007.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner; however, there are currently 1862 open requests ahead of yours.

Provisions of the Act allow us to recover part of the cost of complying with your request. We shall charge you for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters. As a non-commercial requester you will be charged 10-cents a page for duplication, although the first 100 pages are free, as are the first two hours of search time, after which you will pay the quarter-hour rate ($4.00, $7.00, $20.25) of the searcher. We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.

We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.



Your request has been assigned reference number **2007FOIA53284**. Please refer to this identifier in any future correspondence. You may contact this office at (202) 732-0300 or 1-866-633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer



UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
Washington, DC 20415

Human Capital Leadership
and Merit System
Accountability Division

Mr. Earl M. Boyd
District 2 Commander
National Capital Region
Federal Protective Service
6315 Bren Mar Drive, Suite 100
Alexandria, VA 22312

SEP 6 2007

Dear Mr. Boyd:

This is in response to your August 24, 2007, inquiry to the U.S. Office of Personnel Management's (OPM) Internet FOIA email box concerning your employee medical folder (EMF). Your inquiry has been referred to OPM's Division of Human Capital Leadership and Merit System Accountability (HCLMSA) for review and response.

You asked if your EMF must be maintained by your agency or whether your agency can turn those records over to a contractor to maintain. While OPM is the owner of the EMF, the agency is the custodian of the file and is responsible for maintaining the EMF. The file may not be maintained by a contractor. The agency, however, has the discretion as to the physical location of the file.

Sincerely,

Mary Lamary
FOIA Officer
Human Capital Leadership
and Merit System Accountability

EXHIBIT 2