UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EARL M. BOYD,                       )
                                    )
           Plaintiff,          )
                                    )
           v.                      )    Civil Action No. 07-1098
                                    )
MICHAEL CHERTOFF, Secretary,  )
United States Department of        )
Homeland Security,               )
                                    )
           Defendant.        )
_____)

## OPINION

This matter is before the Court on (1) defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) plaintiff's motion for a court order compelling defendant to publish "implementing instructions" as contemplated by 5 C.F.R. § 293.503.[1] Upon consideration of defendant's motion, plaintiff's motion, the oppositions and replies, and the entire record in this case, the Court will treat plaintiff's motion to compel as a motion to amend the complaint, grant the motion to amend, and then dismiss the complaint, as amended, for failure to state a claim.[2]

---

    [1]     This is an Office of Personnel Management regulation which requires federal agencies, such as the Department of Homeland Security ("DHS"), to issue written internal instructions describing how they will implement and manage their employee medical file systems. See 5 C.F.R. § 293.503.

    [2]     The papers submitted in connection with this matter include: Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) ("Def.'s Mot."); Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P.

I.  BACKGROUND

*Pro se* plaintiff Earl Boyd alleges that his employer, the Federal Protective Services ("FPS"), an agency within the Department of Homeland Security ("DHS"), has (1) improperly maintained, withheld, and compelled the disclosure of his employee medical files, and (2) failed to comply with Office of Personnel Management regulations requiring DHS to publish certain "implementing instructions" with respect to its handling of employee medical files.  See Compl. ¶¶ 3.1, 7.1-7.11; Pl.'s Mot. at 1-2, 4-5.  The dispute centers on Mr. Boyd's dissatisfaction with several interactions he has had with agency officials concerning his color blindness and his skin condition.  The facts, reviewed in the light most favorable to plaintiff, are as follows.

---

(12)(b)(6) ("Pl.'s Opp."); Defendant's Reply Memorandum in Support of Its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Def.'s Reply"); Plaintiff's Motion for Court Order to Defendant that Defendant Publish Implementing Instructions ("Pl.'s Mot."); Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Promulgate Regulations Pursuant to 5 C.F.R. § 293.503 ("Def.'s Opp."); and Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Promulgate Regulations Pursuant to 5 C.F.R. § 293.503 ("Pl.'s Reply").

Defendant has pointed out that the relief sought in plaintiff's motion – that is, a court order compelling defendant to publish written instructions pursuant to 5 C.F.R. § 293.503 – was not explicitly sought in plaintiff's complaint.  See Def.'s Opp. at 2 n.1.  Defendant argues that such relief therefore may not be granted absent a motion to amend the complaint.  Id. Plaintiff's *pro se* status obligates the Court to "examine other pleadings to understand the nature and basis" of his claims.  Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).  As the claims in plaintiff's motion to compel are closely related to the claims set forth in his complaint, the Court will treat plaintiff's motion as a motion to amend his complaint and grant the motion to amend.

*A. Medical Examinations*

Before he began working for FPS, Mr. Boyd served as a police officer with the District of Columbia Metropolitan Police Department ("MPD") from the late 1970s until his retirement on July 29, 2000. See Compl. ¶ 3.9. According to plaintiff, "sometime around the late 1970s," he submitted to the MPD medical documentation showing that he suffered from a skin condition called *pseudofolliculitis barbae*, also known as "razor bumps," which prevented close shaving. See id. ¶ 3.8. Apparently, Mr. Boyd was required to submit said documentation to the MPD in order to be permitted to wear a beard.

Mr. Boyd began working at FPS on or about July 31, 2000. See Compl. ¶ 3.2. Some time before that date, Mr. Boyd underwent a screening examination to ensure that he was physically and psychologically qualified for the job. See id. ¶ 3.3. During that examination, the physician determined that Mr. Boyd is color blind. See id. ¶ 3.5. It appears that, normally, such a condition would render an applicant physically unfit for the position for which Mr. Boyd applied. See id. ¶¶ 4.4-4.7. FPS waived this restriction in Mr. Boyd's case and hired him. See id. ¶ 3.7. When he began working for FPS (or soon thereafter), plaintiff signed a waiver granting FPS access to all medical records in the possession of his former employer. See Compl. ¶ 3.4.[3]

On or about March 29, 2005, plaintiff underwent another examination. See Compl. ¶ 4.1. Once again, the examining physician determined that Mr. Boyd is color blind. See id. ¶ 4.2. Mr. Boyd explained that he had been diagnosed with color blindness during his 2000 pre-employment screening examination and that DHS had hired him anyway. See id. ¶ 4.3.

---

[3] It is not clear if FPS actually took possession of those files or simply sought permission to access them as needed, and the parties' papers do not address this issue. Mr. Boyd apparently assumes that FPS actually took possession of the files. See id. ¶ 6.3.

Nevertheless, on April 6, 2005, the examining physician issued a medical determination which stated that he could not recommend Mr. Boyd for his current FPS position because Mr. Boyd's color blindness placed him "outside of the prevailing medical standards" for that position. See id. ¶ 4.4. Mr. Boyd maintains that this unfavorable determination "caused [him] to be seriously concerned about his future employment with FPS." See id. ¶ 4.12. On May 26, 2005, however, the physician who issued the unfavorable medical determination learned that DHS previously had waived the applicable vision standards in Mr. Boyd's case. See id. ¶ 4.10. Thus, on August 15, 2005, the physician issued a revised medical determination concluding that Mr. Boyd was indeed medically qualified for his position. See id. ¶ 4.13.

*B. Directive FPS-05-012*

On July 19, 2005, FPS implemented Directive FPS-05-012, which prohibits uniformed employees (such as Mr. Boyd) from wearing beards unless they present medical documentation showing that they have a condition that makes shaving difficult or burdensome. See Compl. ¶¶ 5.1-5.3. On June 5, 2007, plaintiff's immediate supervisor, Paul Constable, sent e-mail messages to plaintiff and others to explain this soon-to-be implemented directive. See id. ¶ 6.2. In his e-mail messages, Mr. Constable stated that those who wished to wear beards would be required to submit medical documentation by September 30, 2007, and every 90 days thereafter unless the employee's doctor specified that the skin disorder necessitating a beard would last longer than 90 days. See id. ¶¶ 6.1-6.3. Mr. Boyd maintains that this request caused him to experience "a great amount of distress" because he had never been required to produce such documentation before. See id. ¶ 6.6.

In response to Mr. Constable's e-mail message, Mr. Boyd attempted to locate all of the medical files relating to him that he believed to be in DHS's possession, including the medical documentation regarding his skin condition that he had submitted to the MPD in the late 1970s. See Compl. ¶ 6.3. On June 11, 2007, he sent an e-mail message to Dennis O'Connor, his second-level supervisor, requesting access to his files under the provisions of 5 C.F.R. § 293.504(b), which requires federal agencies to "provide employees access to their own [medical records] consistent with" the Office of Personnel Management's applicable access regulations set forth in 5 C.F.R. § 297.204. See Compl. ¶ 7.4. When it became apparent that his request for access to his medical files would not be fulfilled immediately, Mr. Boyd visited his doctor and obtained new medical documentation of his skin condition. See id. ¶¶ 6.4-6.5. He submitted this new medical documentation to Mr. Constable on June 12, 2007. See id. ¶ 6.7.

Mr. Boyd filed this suit on June 19, 2007, claiming that defendant violated the Privacy Act of 1974, 5 U.S.C. § 552a, and the Office of Personnel Management's regulations governing federal agencies' maintenance of employee medical records by (1) implementing a Directive that required Mr. Boyd to disclose medical records to his supervisor; (2) failing to give him immediate access to his medical records; and (3) neglecting to maintain his records in a reasonably accurate and complete manner. See Compl. ¶¶ 7.1-7.11.[4] On August 22, 2007, Mr. Boyd received from defendant "all of [his] pertinent occupational medical records that were contained in [DHS's] Employee Medical File System . . . as of August 21, 2007." Pl.'s Mot.

---

[4] Mr. Boyd's complaint also sought relief under 42 U.S.C. § 1983, but it appears that he has now abandoned that theory. See Pl.'s Opp. ¶ 6. In any event, this claim would have failed because "Section 1983 actions cannot ordinarily be maintained against either the United States or its officials." 1 SHELDON NAHMOD, CIVIL RIGHTS AND CIVIL LIBERTIES LITIGATION – THE LAW OF SECTION 1983 §1:20 at 1-23 (4th ed. 2003).

¶ 13.[5] On September 5, 2007, Mr. Boyd filed a motion to compel defendant to publish written "implementing instructions" for its management of employee files as contemplated by 5 C.F.R. § 293.503, another Office of Personnel Management regulation governing federal agencies' maintenance of employee medical records. See Pl.'s Mot.; see also 5 C.F.R. § 293.503. As noted above, the Court is treating this motion as a motion to amend, and the request in this motion as an additional claim for relief.

II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127

---

[5] It appears that defendant sent Mr. Boyd his files in response to Mr. Boyd's June 11, 2007 e-mail message to Mr. O'Connor (and several subsequent follow-up communications with various officials) requesting access to said files. See supra at 4-5.

S. Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).  The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be alleged," id. at 1966.  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face," id. at 1274.  The Court referred to this newly clarified standard as "the plausibility standard."  Id. at 1968 (abandoning the "no set of facts" language from Conley v. Gibson).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 127 S. Ct. at 2200; see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965; Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991).  The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  While the complaint is to be construed liberally in the plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept the plaintiff's legal conclusions.  See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d at 242.

While *pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, see Erickson v. Pardus, 127 S. Ct. at 2200 ("A document filed *pro se* is to be liberally construed.") (internal quotations and citations omitted); Gray v. Poole, 275 F.3d at

1116, a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "A *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III.  DISCUSSION

#### A.  Plaintiff's Improper Disclosure Claims

Mr. Boyd argues that Directive FPS-05-012 is unlawful because it conflicts with two Office of Personnel Management regulations governing defendant's maintenance of its employee medical file system: 5 C.F.R. § 293.504 and 5 C.F.R. § 297.205. See Compl. ¶¶ 7.2, 7.3, 7.8. The former regulation provides, in pertinent part, that "[d]isclosure of an employee's occupational medical records to agency officials (both medical and non-medical) will be granted only when the specific information sought is needed for the performance of official duties." 5 C.F.R. § 293.504(b). The latter regulation provides, in pertinent part, that "[w]hen a request for access [to an employee's medical records] involves medical or psychological records that the system manager believes requires special handling, the requester should be advised that the material will be provided only to a physician designated by the data subject." 5 C.F.R. § 297.205. According to Mr. Boyd, Directive FPS-05-012 violates 5 C.F.R. § 293.504 because it requires him to disclose information about his skin condition that is not related to "the performance of official duties," see Compl. ¶ 7.3, and violates 5 C.F.R. § 297.205 because it

1116, a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "A *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III.  DISCUSSION

#### A.  Plaintiff's Improper Disclosure Claims

Mr. Boyd argues that Directive FPS-05-012 is unlawful because it conflicts with two Office of Personnel Management regulations governing defendant's maintenance of its employee medical file system: 5 C.F.R. § 293.504 and 5 C.F.R. § 297.205. See Compl. ¶¶ 7.2, 7.3, 7.8. The former regulation provides, in pertinent part, that "[d]isclosure of an employee's occupational medical records to agency officials (both medical and non-medical) will be granted only when the specific information sought is needed for the performance of official duties." 5 C.F.R. § 293.504(b). The latter regulation provides, in pertinent part, that "[w]hen a request for access [to an employee's medical records] involves medical or psychological records that the system manager believes requires special handling, the requester should be advised that the material will be provided only to a physician designated by the data subject." 5 C.F.R. § 297.205. According to Mr. Boyd, Directive FPS-05-012 violates 5 C.F.R. § 293.504 because it requires him to disclose information about his skin condition that is not related to "the performance of official duties," see Compl. ¶ 7.3, and violates 5 C.F.R. § 297.205 because it

requires him to disclose information about his skin condition to agency officials who are not physicians. See id. ¶ 7.6-7.9. These claims are meritless.

The Court may disregard the first claim, as Mr. Boyd's papers make clear that he is not really complaining about having to disclose information about his medical conditions to the agency. See Compl. ¶ 7.7 (stating that he would prefer to submit such documentation centrally, rather than to individual supervisors); Pl.'s Opp. ¶¶ 15-17.[6] The second claim must be rejected because 5 C.F.R. § 297.205 does not address whether employees may be compelled to submit medical documentation to supervisors or to non-physicians. Even if it could be read to apply to such situations, it would not prohibit disclosures to non-physician supervisors unless "the system manager believes [the records in question require] special handling." 5 C.F.R. § 297.205. Mr. Boyd has not suggested that documents describing his skin condition require "special handling," nor that the system manager has so determined. The Court therefore will dismiss these claims.

### B. Plaintiff's Improper Denial of Access Claims

Mr. Boyd also argues that defendant violated Section 552a(d)(1) of the Privacy Act and 5 C.F.R. § 293.504(b) by failing to allow him to access his medical records. See Compl. ¶ 7.5. As Mr. Boyd now has received the medical records he sought, see Pl.'s Mot. ¶ 13, this claim is moot. Cf. Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (Freedom of

---

[6] Moreover, the Court disagrees with Mr. Boyd that appearance standards are unrelated to his official duties.

Information Act dispute moot in light of subsequent disclosure).[7]

*C. Plaintiff's Improper Maintenance Claims*

Mr. Boyd also claims that defendant violated Section 552a(e)(5) of the Privacy Act and 5 C.F.R. § 293.504(a) by failing to maintain his records in a reasonably accurate and complete manner. See Compl. ¶ 7.10. He seeks compensatory and punitive damages for this alleged violation. The statute provides, in pertinent part, that an agency must "maintain all records which are used by the agency in making determinations about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination," 5 U.S.C. § 552a(e)(5), and permits individuals aggrieved by an agency's intentional or willful failure to adequately maintain records to sue for damages, costs and fees. See 5 U.S.C. § 552a(g)(1)(C); id. § 552a(g)(4). The regulation provides, in pertinent part, that "[a]gencies have the responsibility to ensure that [employees' medical records] are maintained in accordance with the [Office of Personnel Management's] Privacy Act regulations." 5 C.F.R. § 293.504(a).

Mr. Boyd's Privacy Act claim must fail because, to obtain damages for a violation of Section 552a(e)(5), he must show that "(1) he has been aggrieved by an adverse

---

[7] It appears that the file sent to Mr. Boyd did not include the medical documentation about his skin condition that he submitted to Mr. Constable. See Pl.'s Opp. ¶ 11-13. Even assuming this might save the access claim from a determination of complete mootness, the Court would decline to hear it because Mr. Boyd has failed to exhaust his administrative remedies. See Pl.'s Mot. ¶ 14 (acknowledging that his Privacy Act request for his records, filed on August 13, 2007, is still pending); see also Mulhern v. Gates, 525 F. Supp. 2d 174, 183 (D.D.C. 2007) (plaintiffs must exhaust their administrative remedies before utilizing the Privacy Act's civil remedy for improper withholding; to properly exhaust, a plaintiff must submit a Privacy Act request to the agency and seek review within the agency under the agency's Privacy Act regulations).

determination; (2) the [agency] failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the [agency's] reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the [agency] acted intentionally or willfully in failing to maintain accurate records." Deters v. United States Parole Commission, 85 F. Supp. 2d 655, 657 (D.C. Cir. 1996). As Mr. Boyd has suffered no adverse determination and has failed to allege that DHS acted intentionally or willfully, he does not state a claim for which relief may be granted under Section 552a(e)(5).

The Court also rejects Mr. Boyd's claim under 5 C.F.R. § 293.504(a). Mr. Boyd contends that, because the physician who examined him in 2005 was initially unaware of DHS's decision to waive its vision standards as to Mr. Boyd in 2000, see supra at 3-4, it must be the case that DHS does not maintain its employee medical records in compliance with 5 C.F.R. § 293.504(a). Even assuming that Section 293.504 provides a basis on which Mr. Boyd could sue DHS with respect to its record management practices, the bare fact that a physician (temporarily) was unaware of an agency decision made five years previously simply does not support the inference that DHS failed to maintain its records adequately. See Caldwell v. District of Columbia, 901 F. Supp. at 10 (*pro se* plaintiff's inferences "need not be accepted if such inferences are unsupported by the facts set out in the complaint") (internal quotation marks and citation omitted).

### D. Plaintiff's Request for a Court Order Compelling Defendant to Publish "Implementing Instructions"

As noted above, the Office of Personnel Management has promulgated a regulation providing that federal "[a]gencies must issue written internal instructions describing

11

how their [employee medical file system] is to be implemented." 5 C.F.R. § 293.503. Mr. Boyd maintains that defendant has not heeded this instruction, and that much of this case "could have been avoided had Defendants simply complied with the provisions of 5 C.F.R. § 293.503 and issued the appropriate written instructions," so that employees like himself would understand how to access their records. Pl.'s Mot. ¶¶ 2, 15. Thus, he asks this Court to compel defendant to publish written instructions pursuant to 5 C.F.R. § 293.503. See Pl.'s Reply at 8. Defendant responds that DHS has already published written internal instructions pursuant to 5 C.F.R. § 293.503. See Def.'s Opp. at 3 (citing DHS regulations codified at 6 C.F.R. §§ 5.21-5.22).[8]

       Treating this request as an additional claim for relief, this Court will not order DHS to issue further written instructions for three reasons. First, Mr. Boyd cites no law for the proposition that appealing to the judicial system is a proper way to compel DHS to publish written instructions for the sake of clarifying human resources matters for its employees. Second, courts rarely grant the sort of relief sought by Mr. Boyd – which is, essentially, mandamus relief – unless "a plaintiff has exhausted all other avenues of relief and . . . the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984); see also Kaur v. Chertoff, 489 F. Supp. 2d 52, 65-66 (D.D.C. 2007). Neither of these conditions obtains here. Third, DHS interprets 6 C.F.R. §§ 5.21 and 5.22 to fulfill the requirements of 5 C.F.R. § 293.503, and in the circumstances presented here, the Court owes an agency's interpretation of its own regulations substantial deference. See Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994). The Court therefore concludes that Mr. Boyd has failed to

---

[8]     The DHS regulations cited by defendants do not conform in every particular to the instructions set forth in 5 C.F.R. § 293.503. See Pl.'s Reply ¶¶ 4-11.

state a claim for mandamus relief and that, even if he had, it would be moot because defendant substantially has complied with 5 C.F.R. § 293.503.

## IV.  CONCLUSION

For the reasons stated above, the Court grants defendant's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. An Order consistent with this Opinion will be issued this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 31, 2008